Curia, per

Evans, J.
The preliminary question which this case presents is, whether prohibition is the proper remedy whereby the errors of inferior Courts are to be corrected in cases like this. By the constitution and laws both of England and this State, the judicial power is committed to a variety of Courts, some of limited and some of general jurisdiction. And in order that these may move in harmony, each in its proper sphere, it is essential that a power of control should be lodged somewhere, or otherwise there must arise a perpetual conflict. This controlling power is vested, in this State, in the Court of Sessions, which *515 exercises here the jurisdiction of the Court of King’s Bench in England; and the process by which this controlling power is exercised, is called a writ of prohibition. This writ, in its original inception, was granted for the sole purpose of restraining inferior jurisdictions within the limits prescribed by the law of their creation; but so long as they have jurisdiction of the person and the subject matter, they are as supreme as the Courts of general jurisdiction. This proposition has been affirmed by our own Courts in a great many cases. See McKee vs. The Town Council of Anderson (Rice, 24); Price vs. Commissioners of Roads (3 Hill, 314). But if the inferior Court assumes to decide on subjects or persons not within their jurisdiction, then prohibition will lie. ¡State vs. Hopkins (Dud. 101).
For errors of law in relation to matters within their jurisdiction, the proper mode of correction is by appeal; but where no appeal is given, then the injured party is without redress. But it sometimes happened that these mistakes of law were so great, and the evils resulting from them so shocking, that the old rules in relation to prohibition were obliged to be relaxed, or a great outrage upon the law be allowed. The common law doctrine was, that there was no wrong without a remedy, and as no other had been provided, the remedy by prohibition was used, of necessity. The cases ex parte Brown, (2 Bail. 323,) and the State vs. Ridgell, (2 Bail. 560,) are very striking instances of this. Blackstone, speaking on this subject, says, “if there was no remedy in such cases, it would be an impropriety which no wise government could or ought to endure.” (3 Bl. Com. 112.)
If any other remedy had existed, the case of Ridgell would never have been decided on prohibition. In that case the negro had no doubt been guilty of larceny, and for that deserved punishment ; but there was no ground to convict him of burglary. The case presented this alternative — that he must die for a crime he had not committed, or escape punishment altogether. If there had been then, as now, a right of appeal, the error might have been corrected, and the accused punished for his crime by a new trial. It was soon after this decision that the Act of 1833 (6 *516 Stat. 489) was passed, and it may be that the purpose of the Act was to remedy the defect in the law, to which public attention was called by those and similar cases.
The Act of 1833 provides that if any slave or. free person of color shall be convicted of any capital offence, and sentenced to suffer death, application in behalf of the prisoner may be made to any one of the Circuit Judges, or Judges of the Court of Appeals, who may order a new trial if it should appear to him that the conviction was erroneous. The power is as ample as could be desired, and may be exercised whether the error be of law or, of fact. The remedy is complete, and entirely supersedes the doubtful authority of all those cases- wherein the superior Courts have undertaken to correct, by prohibition, the errors or mistakes of inferior Courts as to what the law is. There can be no doubt that the inferior Court had jurisdiction both of the prisoner and the crime in this case, and as the appeal will correct any error in the decision, and is the appropriate remedy now provided, we are of opinion the writ of prohibition ought not to have been granted. As.this judgment has no connection with the questions made in the case, no opinion is expressed in relation to them. That is left free to the decision of the Judge who may be called on to decide on the application for a new trial, if any should be made. All we mean to decide is, that the prisoner’s remedy is by appeal, and not by prohibition. The motion to revérse the decision below is, therefore, granted.
O’Neall, Feost, Withers and Whitner, JJ., concurred.

Motion granted.